ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7025
    FAX: (415) 436-6748
    pamela.johann@usdoj.gov

Attorneys for U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES C. PISTORINO, | No. 3:23-cv-03112-AGT |
|     Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
|     v. | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, | Date:    September 6, 2024<br>Time:   10:00 a.m.<br>Place:  Courtroom A, 15th Floor |
|     Defendant. | The Honorable Alex G. Tse |

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on September 6, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom A, 15th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Alex G. Tse, Defendant United States Department of Health and Human Services will and hereby does move for an order dismissing the Complaint of Plaintiff James Pistorino for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is based on this Notice; the Memorandum of Points and Authorities and Request for Consideration of Documents Incorporated by Reference submitted herewith; the pleadings, records, and files in this case; other matters of which the Court takes judicial notice; and such other written or oral argument as may be presented at or before the time the Court takes this motion under submission.

# RELIEF REQUESTED

Defendant seeks an order dismissing the Complaint in its entirety.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff James Pistorino jumped the gun by filing this Freedom of Information Act ("FOIA") lawsuit without having first exhausted his administrative remedies. On March 12, 2024, Plaintiff submitted a Freedom of Information Act ("FOIA") request to the Centers for Medicare & Medicaid Services ("CMS"), a division within the U.S. Department of Health and Human Services ("HHS"). CMS responded to Plaintiff's request, issuing a determination letter on May 16, 2024. Although Plaintiff was then required to exhaust his administrative remedies by submitting an administrative appeal to HHS before filing a lawsuit in federal court challenging the adequacy of the agency's response, he bypassed that step, instead filing a complaint in this Court six days later. The FOIA exhaustion requirement is intended to allow agencies an opportunity to correct their mistakes and to promote judicial efficiency by avoiding unnecessary judicial intervention. Plaintiff's immediate resort to judicial recourse undermines both the policy and purpose of administrative exhaustion. Because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit, the Court should dismiss his complaint for failure to state a claim upon which relief can be granted.

## II. ISSUES TO BE DECIDED

Whether the Complaint should be dismissed for failure to state a claim due to Plaintiff's failure to exhaust administrative remedies, where the agency responded to Plaintiff's request and Plaintiff filed a lawsuit in district court rather than submitting an administrative appeal.

## III. BACKGROUND

On March 12, 2024, Plaintiff James Pistorino, an attorney licensed in California, submitted a FOIA request on his own behalf to the Centers for Medicare and Medicaid Services ("CMS"). Dkt. No. 1 ("Compl.") ¶ 6 & Ex A. CMS acknowledged receipt of the request the next day. *Id.* ¶ 7. In response to Plaintiff's status inquiry submitted on April 18, 2024, Kenyatta Stringfellow, a Government Information Specialist with CMS's FOIA group, advised Plaintiff on April 19, 2024, that CMS was "still processing" the request and that the status was "pending search for the requested documents." *Id.* ¶ 8; Request for Consideration of Documents Incorporated by Reference ("Request") Ex. A. Ms. Stringfellow informed Plaintiff that he should "feel free to contact" her if he had "any additional questions regarding the status of this request." Request Ex. A.

CMS issued a response to Plaintiff's FOIA request on May 16, 2024. Compl. ¶ 9; Request Ex. B. In this letter, Desiree Gaynor of CMS's FOIA Group informed Plaintiff that it was "unable to locate any records responsive" to Plaintiff's request after "a careful search of" CMS files. Request Ex. B. The letter also advised Plaintiff of his appeal rights, informing Plaintiff that he could appeal the decision within 90 days if he considered it an adverse determination by mailing an appeal to the Principal Deputy Administrator of CMS. The letter explained, "[b]y filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision." Plaintiff was also invited to contact Kenyatta Stringfellow or the CMS FOIA Public Liaison if he wished "to discuss [CMS's] response before filing an appeal to attempt to resolve [the] dispute without going through the appeals process." Finally, Plaintiff was advised that if he was unable to resolve the dispute through the FOIA Public Liaison, he could take advantage of mediation services through the Office of Government Information Services, part of the National Archives and Records Administration. Request Ex. B.

There is no allegation in the Complaint that Plaintiff submitted an administrative appeal. *See*

1 | Compl. ¶¶ 9–11. Instead, on May 22, 2024, six days after CMS's response, Plaintiff filed this lawsuit.

2 | **IV.   LEGAL STANDARD**

A motion under Federal Rule of Civil Procedure 12(b)(6) challenge disputes "the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has "facial plausibility" only if the complaint pleads facts sufficient to allow "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must treat all factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. 678. An affirmative defense that is apparent on the face of the complaint may be grounds for dismissal under Rule 12(b)(6). *Fargo v. Dep't of Homeland Sec.*, No. 16-cv-00024, 2019 WL 10491057, at *2 (D. N. Mar. I. Feb. 19, 2019), *aff'd sub. nom Kourbanov v. U.S. Dep't of Homeland Security*, 804 F. App'x 797 (9th Cir. 2020).

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "generally may not take into account material beyond the complaint." *Dunn v. Castro*, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010) (citing *Intri–Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir.2007)). However, a court may also consider matters that are judicially noticeable, as well "materials incorporated into the complaint" under the doctrine of "incorporation by reference." *Dunn*, 621 F.3d at 1205 n.6. The incorporation-by-reference doctrine allows a court to "consider 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Dunn*, 621 F.3d at 1205 n.6 (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005) (alteration in *Knievel*)).

## V. ARGUMENT

### A. A FOIA Requester Must Exhaust Administrative Remedies Before Bringing A Lawsuit In Federal Court.

Plaintiff's Complaint must be dismissed because Plaintiff has not exhausted his administrative remedies. "Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review." *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) (citations omitted); *Aguirre v. NRC*, 11 F.4th 719, 725 (9th Cir. 2021). The administrative exhaustion doctrine "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). Administrative exhaustion under FOIA requires a requester to comply with "published administrative procedures" as set forth in agency regulations. *In re Steele*, 799 F.2d at 466; *Am. Small Bus. League v. United States Dep't of Navy*, No. 10-cv-02150 JSW, 2011 WL 13308325, at *2 (N.D. Cal. Feb. 7, 2011) (finding failure to exhaust where requester submitted administrative appeal to address not designated by the agency to receive FOIA appeals).

As part of these administrative exhaustion requirements, a FOIA requester must administratively appeal an adverse FOIA determination before turning to the courts for judicial relief. *Aguirre*, 11 F.4th at 725. HHS's FOIA regulations explicitly spell out this requirement. *See* 45 C.F.R. § 5.61 ("In order to fully exhaust all of your administrative remedies, you must file an appeal of an adverse agency determination in writing."). This administrative appeal requirement is designed to give agencies an opportunity to correct errors that may have occurred by the first-line FOIA responders, potentially avoiding the need for judicial review, and to create "a useful record 'should judicial review become necessary.'" *Aguirre*, 11 F.4th at 725 (quoting *Amerco v. NLRB*, 458 F.3d 883, 888 (9th Cir. 2006)); *see also Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) ("Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."); *Taylor v. Appleton*, 30 F.3d 1365, 1369 (11th Cir. 1994) ("Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors."). A FOIA complaint that fails to allege compliance with administrative exhaustion requirements is subject to dismissal under Rule 12(b)(6) for failure to

state a claim upon which relief can be granted. *Freedom Watch, Inc. v. C.I.A.*, 895 F. Supp. 2d 221, 226 (D.D.C. 2012); *Fargo*, 2019 WL 10491057, at *2 (FOIA complaint dismissed where plaintiff "did not plead facts showing an [administrative] appeal").

      **B.**      **Plaintiff's Complaint Must Be Dismissed For Failure To Exhaust Administrative Remedies Because He Did Not Submit An Administrative Appeal Of The Adverse Determination.**

Upon receiving the agency's May 16, 2024 determination letter dated stating that CMS was "unable to locate any [responsive] records," Plaintiff was required to file an administrative appeal to exhaust his administrative remedies. *See* 45 C.F.R. § 5.61(b) (a "[d]etermination that a record does not exist or cannot be found" is an adverse agency determination that must be appealed administratively). Plaintiff fails to allege compliance with the administrative appeal requirement. Instead, he filed his Complaint in federal court six days after receiving CMS's adverse determination. Had Plaintiff filed an administrative appeal after receiving the adverse determination, HHS would have had twenty working days to respond to it. *See* 45 C.F.R. § 5.63; 5 U.S.C. § 552(a)(6)(A)(ii). The Complaint was filed before this twenty-day period would have expired. Although a requester may seek judicial review without submitting an administrative appeal if the agency does not provide a response to the request within the applicable FOIA time provisions, this right to immediate judicial review lapses where, as here, the agency responds to the FOIA request before the lawsuit is filed. In this situation, the requester must administratively appeal the denial and wait at least twenty working days for the agency to adjudicate that appeal before commencing litigation. *See Aguirre*, 11 F.4th at 725–26 ("[A] requestor in essence waives his right to immediately sue by waiting to do so until after receiving a response from the agency. At that point, he must exhaust."). Because Plaintiff chose to forego the administrative appeal process altogether, he failed to exhaust his administrative remedies, and his Complaint should be dismissed.

While "[e]xhaustion under FOIA is a prudential rather than jurisdictional consideration" and may be excused where further administrative processing would be "futile," *Aguirre*, 11 F.4th at 725, there can be no inference of futility here, where "[a]n appeal would have afforded [the] agency an opportunity to review its search and its response" and, if appropriate, order a new search that might have uncovered responsive documents. *Melville v. U.S. Dep't of Just.*, No. 05-cv-0645, 2006 WL 2927575, at *3 (D.D.C. Oct. 12, 2006). The HHS appeal review process is multi-layered and involves the input and

concurrence of higher-level officials at the agency; by regulation, "[b]efore making a decision on an appeal of an adverse determination, the designated review official will consult with the Office of the General Counsel," and "the concurrence of the Office of the Assistant Secretary for Public Affairs is required in all appeal decisions." 45 C.F.R. § 5.63. To the extent Plaintiff believes that CMS's determination was erroneous, an administrative appeal is precisely the mechanism to bring that error to the attention of the agency so that mistakes made at the lower level of FOIA processing can be reviewed and corrected if appropriate without the need for judicial intervention. By failing to submit an appeal, Plaintiff "'cut[] off the agency's power to correct or rethink initial misjudgments or errors.'" *Aguirre*, 11 F.4th at 725 (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 64 (D.C. Cir. 1990)). Plaintiff's rush to the courthouse therefore defeated "the purposes and policies of FOIA exhaustion—i.e. to give the [agency] a chance to exercise its discretion and to review its decisionmaking process before judicial intervention." *Facebook, Inc. & Subsidiaries v. Internal Revenue Serv.*, No. 16-cv-05884-LB, 2017 WL 2630086, at *7 (N.D. Cal. June 19, 2017); *see also Corbett v. U.S. Transportation Sec. Admin.*, No. 22-cv-6920, 2023 WL 5667535, at *4 (C.D. Cal. July 14, 2023) ("'[w]hile merely a jurisprudential doctrine, the underlying policy of exhaustion—to provide the agency an opportunity to review its own decisionmaking process before judicial intervention—must still carry the day'" (quoting *Andrus v. United States Dep't of Energy*, 200 F. Supp. 3d 1093, 1102 (D. Idaho 2016)).

## VI.   CONCLUSION

For the foregoing reasons, the Court should grant HHS's motion to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies.

DATED: July 29, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

　　　　*/s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for Defendant